**FILED**
MAY 10 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL FRANKLIN HESTERLEE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-0491 |
| ) | |
| WENDY L. HAGENAU, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff, who currently is incarcerated at the Baldwin State Prison in Hardwick, Georgia, brings this action against Judge Wendy L. Hagenau of the United States Bankruptcy Court for the Northern District of Georgia, and John Chastain, the Assistant General Counsel for the Administrative Office of the United States Courts. Plaintiff's lawsuit arises from the filing of "numberless documents and records," Compl., Attach. at 1, in his bankruptcy case which Judge Hagenau allegedly "refus[ed] to process," *id.* at 2, and the denial of his administrative claim for "SUM CERTAIN At $30,992,207,800.00 (Billion)," stemming therefrom. *Id.* at 13 (emphasis in original). According to plaintiff, defendants' actions violated "federal constitution[al] rights guaranteed in the 1st, 4th, 5th, 6th, 8th, and 13th amendments to the Constitution." *Id.* at 3.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its

agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *see Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). The Federal Tort Claims Act ("FTCA") is one example of an express waiver of sovereign immunity, allowing the United States to be held liable "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 1346(b)(1), for certain, but not all, tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). The Court lacks subject matter jurisdiction over plaintiff's tort claim because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Meyer*, 510 U.S. at 478. Accordingly, the complaint will be dismissed. An Order accompanies this Memorandum Opinion.

DATE: April 30, 2012

_____
United States District Judge